**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**THOMASVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : : : | |
| **v.** | : : | **Case No. 6:05-CR-16 (HL)** |
| **MARTIN L. HARRELL,** | : : | |
| **Defendant.** | : : | |

# O R D E R

Before the Court is the Government's Motion for Revocation of Release Order (Doc. 7). For the reasons set forth below, the Court shall temporarily withhold ruling on the Motion.

## I.    FACTS

The facts of this case are procedurally unique.  On July 21, 2005, Defendant, Martin L. Harrell, was indicted for arson under 18 U.S.C. § 844(i) and two counts of witness tampering under 18 U.S.C. § 1512(a)(2)(A). On July 22, 2005, Defendant was arrested. The Government filed a motion to detain Defendant pending trial. The hearing on the motion was held on July 25, 2005, before United States Magistrate Judge Richard L. Hodge. Based on the evidence presented at the hearing, the Magistrate Judge set bond at $25,000, fully secured. The Magistrate Judge entered an order that set forth the conditions of Defendant's pretrial release.

The Government promptly sought review of the Magistrate Judge's order with this Court. Consequently, this Court conducted a telephone conference on July 28, 2005, to address the Government's Motion. In light of the arguments presented by the attorneys during the telephone conference, the Court ordered a hearing to take place in Macon, Georgia, on August 2, 2005. During the

August 2, 2005, hearing, the Government proffered that it was in possession of evidence that Defendant had committed murder and sought to use this evidence as a basis for detaining Defendant. This was the first time the Government had set forth this allegation.  The proffer was unexpected by the Court and, in light of comments to the Court, appeared to be a surprise to Defendant and his attorney.  The Government stated that it had not yet indicted Defendant on what it assumed would be a Hobbs Act related offense.  However, the Government stated that, as quickly as possible, it would either indict Defendant or offer a complaint to the Magistrate Judge for a probable cause determination regarding the offense.  On August 4, 2005, the Magistrate Judge stayed his order granting Defendant's pre-trial release.  It has now been more than two weeks, and the Government has neither indicted Defendant nor offered a complaint to the Magistrate Judge for a probable cause determination regarding the offense.

## II.   ANALYSIS

This Court reviews the Magistrate Judge's decision de novo.  United States v. Hurtado, 779 F.2d 1467, 1480 (11th Cir. 1985).  In reviewing the decision, this Court has two options: (1) make a decision based solely on a careful review of the pleadings and the evidence developed at the Magistrate Judge's detention hearing or (2) conduct an evidentiary hearing to consider additional evidence or to resolve factual issues not addressed by the Magistrate Judge.  United States v. King, 849 F.2d 485, 490 (11th Cir. 1988).  The August 2, 2005, hearing was conducted pursuant to the second option.  At the evidentiary hearing, "[t]he government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing."  United States v. Gaviria, 828 F.2d 667, 669 (11th Cir.

1987).

The Government has proffered evidence that Defendant has committed a murder.  However, the Government also stated that it had not yet indicted Defendant on what it assumed would be a Hobbs Act related offense.  The Government stated that it would either indict Defendant or offer a complaint to the Magistrate Judge for a probable cause determination.  The Government contends that this additional proffered evidence shows that Defendant is a danger to the community, warranting the revocation of his release.

Here, the Court shall withhold ruling on this matter temporarily for three reasons.  First, even though <u>Gaviria</u> permits the Court to base its decision on evidence submitted by proffer, the Government's proffer is grave, and its unexpected nature and the murkiness of its details due to the protection of confidential witnesses did not afford Defendant a meaningful opportunity to respond.  Second, the Government has stated that it would either indict Defendant or offer a complaint to the Magistrate Judge for a probable cause determination regarding the offense as quickly as possible.  Third, Defendant will remain detained only a short time pending the resolution of this issue.  Therefore, the Court prefers to temporarily withhold ruling until Defendant is indicted, if at all, for the offense or until the Magistrate Judge makes a probable cause determination.  Since, however, it has been more than two weeks since the hearing, the Court expects the Government to act, if at all, no later than Monday, August 29, 2005.

## III.   CONCLUSION

The Court shall withhold ruling for a short time on the Government's Motion for Revocation of Release Order (Doc. 7).  Defendant shall remain

detained until the Court rules on the Motion.  However, since it has been more than two weeks since the hearing, the Court expects the Government to act, if at all, no later than Monday, August 29, 2005.

**SO ORDERED**, this the 18th day of August, 2005.


   /s/ Hugh Lawson
**HUGH LAWSON, Judge**

jmb